[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
On January 14, 1998, the plaintiff Carolyn Hennessey, both individually and as the representative for a class of persons similarly situated, filed an action against the defendants, Connecticut Valley Fitness Club (CVFC) and Bally Total Fitness Corporation (Bally).[1] A revised complaint dated March 16, 1999, contains five counts.
Count one is a class claim alleging that the health club contracts sold by the defendant materially violate the Health Club Act, General Statutes § 21a-216 et seq., in that the contracts contain an improper automatic renewal clause, fail to include a proper equipment list and fail to include a "Buyer's Right to Cancel" statement in the required type with a proper notification address. Count two is a subclass claim for violation of the Health Club Act incorporating all of the violations alleged in count one and additionally alleging that the contracts were in the form of negotiable promissory notes but failed to state in the required bold-faced type on the face page that such note may be discounted or sold to third parties and alleging that the time period for the payment of the promissory note exceeded the duration of the contracts. Count three is a class claim for per se violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., based on the violations of the Health Club Act alleged in count one.[2]
Count four is a subclass claim for per se violation of CUTPA based on the violations of the Health Club Act alleged in count two. Finally, count five is an individual claim by Hennessey for per se violation of CUTPA based on alleged violations of the Health Club Act, namely that certain provisions concerning pricing, cancellation, moving and disability were not posted in a CT Page 817 conspicuous place where the contract was entered into (allegedly in violation of a December 23, 1994 Consent Order entered into between the defendant and Commissioner of Consumer Protection) and that the defendant failed to offer the plaintiff and others a one year contract. The defendant moves to strike all five counts of the revised complaint. The specific grounds advanced by the defendant for striking each count are discussed more fully below.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant first moves to strike all counts on the ground that each consists of legal conclusions unsupported by allegations of fact. Beyond so stating on the face of the motion, however, the defendant failed to brief or argue this ground with any particularity as to any of the counts. The court therefore deems this claim to be abandoned and does not address it.
The defendant next moves to strike count one on the grounds that, the plaintiff's allegations notwithstanding, the contract properly lists equipment and services, the contract properly includes the required cancellation rights, the contract includes a proper cancellation notification mailing address and the contract does not contain an improper automatic renewal clause. Similarly, the defendant moves to strike count two on the ground that the contract is not in the form of a negotiable promissory note and count five on the ground that the contract properly offered one year contract options. Moreover, the defendant claims, since the contract did not violate the Health Club Act, it did not per se violate CUTPA and therefore counts three, four CT Page 818 and five must be stricken as well.
The court notes that, in substance, the defendant's motion to strike is effectively a denial of the allegations of the plaintiff's complaint. This is not a proper use of the motion to strike. Whether the contract at issue violates the Health Club Act remains to be determined. For the present purposes, however, on a motion to strike the allegations of the complaint must be taken as true; see Peter-Michael, Inc. v. Sea Shell Associates, supra, 244 Conn. 270; and if the allegations are sufficient to support a cause of action, the motion to strike must fail; seeFaulkner v. United Technologies Corp. , supra, 240 Conn. 580. The plaintiff has alleged numerous violations of the Health Club Act and that these violations are material. The court rejects the defendant's attempt to use the motion to strike to deny or dispute these allegations, and to the extent that the defendant does so, the motion to strike is denied.
The defendant additionally moves to strike the CUTPA violations alleged in counts three, four and five on the ground that the plaintiff fails to allege sufficiently any "ascertainable loss" as required by General Statutes § 42-110g. The defendant argues that the complaint contains no allegations of any monetary loss suffered by any class member or that any class member received something other than that for which he or she bargained. At most, the defendant argues, the only monetary loss impliedly alleged is the de minimus costs of a piece of paper, an envelope and a thirty-three cent stamp required to send a notice of cancellation.
General Statutes § 42-110g provides in relevant part: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by § 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages." (Emphasis added.) "`T]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief.' Hinchliffe v.American Motors Corp. , 184 Conn. 607, 615, 440 A.2d 810 (1981). An ascertainable loss is a `deprivation, detriment [or] injury' that is `capable of being discovered, observed or established.' . . . Id., 613. [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not CT Page 819 known. . . . Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss. Id., 614. A plaintiff need not prove a specific amount of actual damages in order to make out a prima facie case [under CUTPA]. Id., 12-13." (Internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630,638-39, 698 A.2d 258 (1997).
Although "CUTPA is not designed to afford a remedy for trifles"; Hinchliffe v. American Motors Corp. , 184 Conn. 607,614, 440 A.2d 810 (1981); the court disagrees with the defendant that the complaint alleges no ascertainable loss or has merely alleged de minimus losses. Count three alleges that the class members "have suffered an ascertainable loss . . . in that they are compelled under the contracts to provide written notice of their intention to cancel . . . and they are liable for continued monthly dues unless they undertake the burden and expense of providing notice." (Count three, ¶ 27.) Thus, the ascertainable loss alleged is not merely the expense of paper and a stamp and the burden of inconvenience but also the continued liability for monthly dues of those members who have not elected in writing for the renewal of their contracts.
Additionally, count four alleges that the subclass members "have suffered an ascertainable loss . . . in that they have become obligated to pay their membership fees for a period of time that exceeds the initial duration of their contracts, exposing them to additional finance charges. . . ." (Count four, ¶ 33.) Finally, count five alleges that the plaintiff "has suffered an ascertainable loss . . . in that she has become obligated to pay a membership fee over a period of two years and she is exposed to additional costs when she would have preferred a shorter, one-year obligation" and in that "she was unaware of her rights of cancellation of the contract at the time that she entered into that contract." (Count five, ¶¶ 42-43.)
The court finds that the complaint construed in the light most favorably to the pleader contains sufficient allegations of ascertainable loss to withstand a motion to strike. The defendant's motion to strike the CUTPA claims contained in counts three, four and five is therefore denied.
For the foregoing reasons, the defendant's motion to strike each of the five counts of the revised complaint is denied in its entirety. CT Page 820
Peck, J.